IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


BENJAMIN DAUBER,

        Plaintiff,

        vs.                                                                                                 No. CIV 96-1787 LH/DJS

CITY OF ALBUQUERQUE, LAWRENCE
RAEL, and the CITY OF ALBUQUERQUE
PERSONNEL BOARD,

        Defendants.


**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on the Plaintiff's Brief in Support of Award of Attorney's Fees Pursuant to 28 U.S.C. § 1447(c) (Docket No. 49), filed November 28, 1997, in response to this Court's Order of Remand, entered November 17, 1997. The Court, having considered the pleadings and otherwise being fully advised, finds that the Plaintiff should be awarded attorney's fees for the services Attorney Paul Livingston provided, but that no fees will be awarded for services provided by Attorney Gilbert Vigil.

    Having concluded that this Court lacked subject matter jurisdiction over the administrative appeal made in this suit, this Court remanded this matter to the Second Judicial District Court, Bernalillo County, New Mexico on November 17, 1997. In its Order of Remand, the Court awarded Plaintiff "just costs and actual expenses including attorney's fees incurred as a result of the removal" pursuant to 28 U.S.C. § 1447(c). The Court ordered Plaintiff's counsel to submit an itemized

accounting and supporting brief outlining their request for fees and directed the Defendants to file a brief if they wished to contest any of the Plaintiff's claimed fees and costs. Plaintiff filed his brief and has requested $18,567.47 be awarded in attorney's fees and costs. Defendant has asked this Court to reject the claim outright, or if a fees are to be awarded by the Court, to limit that award to a total of $1,775.00 for all costs and fees.

Title 28 United States Code section 1447(c) provides in pertinent part that "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see also Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 324 (10th Cir. 1994)(noting amendment deleted requirement that case be removed improvidently and authorized award of attorneys fees). Such an award is "discretionary with the court," and bad faith need not be shown. *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997)(citing *Daleske*, 17 F.3d at 324-25). The "propriety of the defendant's removal continues to be central in determining whether to impose fees," however, *Daleske*, 17 F.3d at 324 (quoting *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993)), and "a showing that the removal was improper *ab initio*" is required. *Suder*, 116 F.3d at 1352. Factors that the Court should consider include "the strength of any argument in support of the propriety of removal and the complexity of the issue." *Rice v. Mayflower Transit, Inc.*, No. 95 C 0846, 1995 WL 347957, at *1 (N.D. Ill. June 8, 1995)(citing *Daleske*, 17 F.3d at 324; *Miranti*, 3 F.3d at 928; *Katonah v. USAir, Inc.*, 876 F. Supp. 984, 990 (N.D. Ill. 1995)); *see also Newton v. Tavani*, 962 F. Supp. 45, 48 (D.N.J. 1997)(award not warranted in case raising difficult legal issues involving complex statutory provisions); *Clegg v. Powers*, No. CIV. A. 97-0006-H, 1997 WL 672641, at *6 (W.D. Va. Oct. 22, 1997)(complexity or unsettled nature of law are considerations in award).

As with the decision whether to make an award, so too the fashioning of an appropriate award lies within the sound discretion of the Court. *Morgan Guar. Trust Co. v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992)(28 U.S.C. § 1447(c) affords district courts great discretion and flexibility in fashioning awards of costs and fees). Thus, the Court "may award none, some, or all of the fees incurred by the remanding party." *Moore v. Kaiser Found. Hosps., Inc.*, 765 F. Supp.1464, 1466 (N.D. Cal. 1991); *see also Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997)(court has discretion to determine "what amount of costs and fees, if any, to award"); *Chavez v. Executive Life Ins. Co.*, No. CIV-94-411 SC/DJS, slip op. at 2-3 (D.N.M. June 30, 1995)("amount of any such award is within the court's discretion"). The purpose of an award is remedial, not to punish a defendant but to compensate a Plaintiff for abuses in the use of the removal procedure. *Shrader v. Legg Mason Wood Walker, Inc.*, 880 F. Supp 366, 368 (E.D. Pa. 1995). The expenses that the Court may award are also limited to those "incurred in federal court that would not have been incurred had the case remained in state court[;] the ordinary litigation expenses that would have been incurred had the action remained in state court are not recoverable because such expenses are not incurred 'as a result of the removal.'" *Avitts*, 111 F.3d at 32.

The Court found in its Order of Remand that Defendant's removal was improvident given the longstanding law in this Circuit that federal courts do not have jurisdiction to consider an on-the-record appeal from a state or local administrative tribunal. *See Trapp v. Goetz*, 373, F.2d 380, 382-83 (10th Cir. 1966). Defendants sought to have this cause reopened after the United States Supreme Court issued its opinion in *City of Chicago v. International College of Surgeons*. 118 S.Ct. 523 (1997). That motion was denied. (*See* Order Denying Motion to Reopen, entered September 30, 1998.) The Defendants have argued that the Supreme Court's opinion in *International College of*

*Surgeons* vindicates their decision to remove this action, despite the then controlling Tenth Circuit precedent holding that this Court had no jurisdiction to hear the matter. The Court sees no reason to alter its conclusion that this matter *was* improvidently removed. The Supreme Court's decision does not alter the fact that at the time of removal, Defendants should have known that such action was improper in this Circuit. While the Court commends defense counsel for his efforts to effectuate remand through stipulation, those efforts do not change the fact that the removal was prohibited at the time the notice was filed and at the time of remand. Thus, the Court concludes that "the removal was improper *ab initio*." *Suder*, 116 F.3d at 1352.

This conclusion, however, does not justify an award in the amount requested by the Plaintiff, nor do Plaintiff's own affidavits. Many of the claimed fees relate to discovery matters that clearly would have been addressed regardless of removal. The Court will not award fees for matters unrelated to the removal or remand of this case. Nor will attorney's fees be awarded for administrative work, such as faxing or otherwise distributing pleadings. The Court will only compensate the Plaintiff for those costs directly related to the preparation of pleadings addressing the improper removal and remand of this cause. *See Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997)(court has discretion to determine "what amount of costs and fees, if any, to award"). This is particularly appropriate in light of defense counsel's efforts to stipulate to remand.

The Court will award attorney's fees for the following hours of work Attorney Livingston's affidavit indicates that he spent the on the motion to remand:

| Date | Description | Hours |
|---|---|---|
| 12/22/96 | Receive and review City's Removal documents | 0.17 |
| 7/28/97-8/1/97 | Research, Draft and revise Plaintiff's Motion to Remand Personnel Board Appeal and Memorandum in Support | 4.50 |

| 8/5/97 | Research [remand] cases . . . . | 2.25 |
| --- | --- | --- |
| | Finish, proofread, fax motion and memo on remand . . . . | 0.50 |
| | [reduced 0.25 of an hour for administrative tasks of faxing and distributing] | |
| 8/10/97 | Research additional remand/removal/subject matter jurisdiction cases . . . . | 4.00 |
| 8/15/97 | Draft Reply to City's response to Motion to Remand. | 5.00 |
| 11/25/97 | Prepare Affidavit for Fee Request | 0.33 |
| | **Total hours for Paul Livingston**: | **16.75** |

The Court will award no fees for the services provided by Attorney Vigil as the entries related to the removal of this action and the motion to remand only indicate that Attorney Vigil reviewed the relevant pleadings, not that he conducted any research, drafted any of the pleadings, or even edited Mr. Livingston's work. The Court does not award attorney's fees for merely reading pleadings. Thus, the Court finds the Plaintiff is entitled to be compensated for a total of 16.75 hours.

Although not challenged by the Defendants, the Court cannot conclude that Mr. Livingston's customary hourly rate would be appropriate to award in this instance. "The first step in setting a rate of compensation for the hours reasonably expended is to determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time." *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983). The Court should use "prevailing market rates in line with those prevailing in the relevant community" for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *see also Beard v. Teska*, 31 F.3d 942, 956-97 (10th Cir. 1994). The attorney's customary rate is a relevant but not conclusive factor. *Ramos*, 713 F.2d at 555. The Court notes that it must not determine a "just" or "fair" price, but rather what the attorney would receive if he were billing a paying client

rather than being paid by court order.  Given these requirements, the Court will reduce Mr. Livingston's requested hourly fee of $125.00 to $115.00 to bring it within a range the Court feels more accurately reflects what is customarily charged by an attorney with Mr. Livingston's experience and skill.  *See Hardman v. Bd. of Educ. of Dollarway, Ark.*, 714 F.2d 823, 825 (8th Cir. 1983) (holding district court "must be deemed well aware of the attorneys' fees customarily charged by attorneys' preforming similar work in the community"); *Ramos*, 713 F.2d at 555 (noting that the "quality of the lawyer's performance in the case should also be considered in placing a value on his or her services").  Therefore, the Court will award the Plaintiff $1,926.25 in fees for the services provided by Mr. Livingston.  The Court will also order the Defendants to compensate the Plaintiff for cost of the New Mexico Gross Receipts Tax (5.625%) on those fees, in the amount of  $108.35.

**IT IS HEREBY ORDERED** that the Plaintiff is awarded attorney's fees in the amount of $1,868.75 and costs in the amount of $108.35.

                                                                       _____
                                                                       **UNITED STATES DISTRICT JUDGE**